## Registration of Engineers and Land Surveyors.

*Engineers—Land surveyors—Registration—Fees—Act of May 6, 1927.*

1. The State Board for Registration of Professional Engineers must require an applicant to show that he is qualified for registration as provided by the Act of May 6, 1927, P. L. 820, and this is the case whether or not he holds a registration certificate issued by the former board under the unconstitutional Act of May 25, 1921, P. L. 1131.

2. The applicant is not required to take out a new certificate and pay again the fee of $20, which he paid for his old certificate. He may, if he prefers, and is shown to be qualified, be registered and receive as evidence thereof a registration card, upon payment of the nominal fee of one dollar.

Department of Justice. Opinion to Hon. Richard L. Humphrey, President, State Registration Board of Professional Engineers.

SCHNADER, Special Dep. Att'y-Gen., Sept. 13, 1927.—We have your request to be advised with regard to the interpretation to be placed upon that part of section 4 of the Act of May 6, 1927, P. L. 820, which is as follows:

"Provided, further, that the board shall register, upon the payment of the renewal fee provided in this act, and shall issue a registration card for the year 1927, to each person surrendering to it an authentic registration card for 1927 or 1926 issued by the State Board for Registration of Professional Engineers and of Land Surveyors created by the act, approved the twenty-fifth day of May, one thousand nine hundred and twenty-one (Pamphlet Laws

eleven hundred and thirty-one), entitled 'An act to regulate the practice of the profession of engineering and of land surveying; creating a State Board for the Registration of Professional Engineers and Land Surveyors; defining its powers and duties; imposing certain duties upon the Commonwealth and political sub-divisions thereof in connection with public work, and providing penalties,' which act was declared unconstitutional by the Supreme Court of the Commonwealth of Pennsylvania."

We understand that you desire to be advised particularly whether, under the language quoted, your board can register professional engineers and surveyors without requiring them to satisfy you that they are qualified for registration under the Act of 1927.

It is necessary for us, in order to see clearly the legislature's purpose in inserting this proviso in the Act of 1927, to refer briefly to the history of prior similar legislation in this State.

By the Act of May 25, 1921, P. L. 1131, the legislature required all persons practicing the professions of engineering and of land surveying to register with the State Board for the Registration of Professional Engineers and of Land Surveyors. In order to be registered, it was necessary for applicants to pay to the Commonwealth fees of $20 for registration, either as an engineer or as a land surveyor, or $30 for registration as both an engineer and land surveyor. In the case of Com. v. Humphrey, 288 Pa. 280, the Supreme Court declared the Act of 1921 unconstitutional. The Act of May 6, 1927, was enacted to accomplish the same purpose which the legislature ineffectually evidenced by the Act of 1921. The new act seeks to avoid the constitutional pitfalls encountered by the Act of 1921.

The legislature in 1927 did not appropriate money to refund to those engineers and land surveyors who had registered under the Act of 1921 the fees which they had paid into the State Treasury for their registrations. This fact is important in connection with the interpretation of the language quoted in your inquiry.

It is our opinion that the language quoted was intended by the legislature merely to relieve those persons who had paid fees into the State Treasury in an amount equal to or greater than the fees required by the Act of 1927 from the necessity of again paying into the State Treasury fees for obtaining registration under the new act; and, in our opinion, this is the only effect which can be given to the language quoted.

In our opinion, every person registered under the Act of 1927 must satisfy your board that he is qualified for registration. We understand that the old files and records of the State Board for the Registration of Professional Engineers and of Land Surveyors have been turned over to your board. These you may consult in investigating the qualifications of any particular applicant, but you cannot escape the duty in every instance of requiring an applicant for registration, whether he held a registration certificate issued by the former board or not, to satisfy you that he is qualified for registration as provided by the Act of May 6, 1927.

We call your attention to the fact that the language of the Act of 1921 was not the same as the language of the new act. The Act of 1927 specifically requires that, in order to be registered, a professional engineer must satisfy your board that he "is competent to be placed in responsible charge of" engineering work; and a surveyor must satisfy you that he "is competent to be placed in responsible charge of" surveying work. These expressions did not appear in the Act of 1921, and it would, therefore, not be permissible to register any one under the Act of 1927 merely on the presentation of evidence

that he was previously registered under the act which the Supreme Court declared to be unconstitutional.

All that the language quoted in your request for an opinion really means is that an applicant for registration may, by paying a fee of $20, receive a certificate of registration from your board, but that if he was previously registered by the old board and had paid a fee for a certificate of registration, he shall not be obliged to take out a certificate of registration and pay the fee for it under the Act of 1927. He may, if he prefers, be registered and receive as evidence of his registration only a registration card upon payment of the nominal fee of $1. The requirements for the issuance of a certificate and for the issuance of a card are in all other respects identical.

From C. P. Addams, Harrisburg, Pa.